(37 South. 873.)

No. 15,360.

In re IMMANUEL PRESBYTERIAN
CHURCH.

(Jan 16, 1905.)

CORPORATION—RECEIVER—PLEADING—ADMIS-
SIONS.

1. Where a corporation administering funds
derived from different sources for different pur-
poses is placed in the hands of a receiver, who
administers the whole, and it appears that the
receivership was as necessary for the conserva-
tion of the one fund as the other, the expense
should be borne by the whole in proportion, as
regards the different interests, to the benefits
received.

2. A litigant is bound by his judicial admis-
sion, and cannot be permitted to shift his po-
sition, and claim the same amount first for
services rendered to one interest, and then to
another.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of
Orleans; Walter Byers Sommerville, Judge.

In the matter of the Immanuel Presbyter-
ian Church in liquidation. The board of
church erection fund and B. R. Forman filed
oppositions. From the judgment they ap-
peal. Opposition of the board of church erec-
tion fund maintained, and opposition of B.
R. Forman maintained in part.

See 112 La. 348, 36 South. 408.

Cage, Baldwin & Crabites and Benjamin
Rice Forman, for appellants Board of Church
Erection Fund and for Benjamin Rice For-
man. Buck, Walshe & Buck, for appellee
Duncan Jones, receiver.

Statement of the Case.

MONROE, J. This matter has heretofore
been considered on appeals taken from judg-
ments rendered by the district court in the
matter of certain oppositions to accounts
filed by the receiver. Among the opposi-
tions referred to were those of the board
of church erection fund and of B. R. For-
man. The former claimed $1,000, with in-
terest, and prayed to be paid, as a mort-

gage creditor, from the proceeds of certain
real estate. The latter asserted that he was
a creditor of the church for professional
services as an attorney at law in a sum
aggregating $1,075, and for costs advanced
in small amounts; that $250 of the $1,075
was due for defending the third opposition
of Mrs. Sadie Reidy in the suit No. 52,653;
and that $220 of said amount represented
the balance of a fee due for services in the
matter of the state of Louisiana against Im-
manuel Presbyterian Church, which balance,
as he alleges, "should properly be charged
to, and made payable out of, the money
bequeathed by Caspar Auch." Upon the
case as presented this court found that the
receiver had in his hands, for distribution:

(1) Proceeds of real estate, corner of Camp
and Soniat streets, acquired by the church
in 1880, known as "Church Property," and
affected by mortgage in favor of the board
of church erection fund.

(2) Proceeds of real estate No. 1,021 Soniat
street, acquired by the church in 1899, un-
der a judgment obtained by it against Owen
Reidy for money belonging to the Caspar
Auch fund, which had been diverted by him
or for his benefit.

(3) Certain other moneys, two pieces of
real estate, and three notes held by him as
belonging to the Caspar Auch fund.

There was judgment decreeing, among oth-
er things, "that the cash and other property
described * * * as belonging to the Cas-
par Auch poor fund and the proceeds of said
property be administered separately, and,
after deducting therefrom legitimate costs
and charges, be delivered, in due course of
administration, to the remaining incorporat-
ed Presbyterian associations of the city of
New Orleans, recognized as legatees in trust
under the will of Caspar Auch"; that the
claim and mortgage (on the church proper-
ty) of the board of church erection fund be
recognized and paid, with interest; and that
as to $100 of the amount claimed by B. R.

Forman he be held concluded by a certain agreement concerning the judgment of the district court. As to the balance of the amount claimed by Mr. Forman it was said:

"The evidence in the record does not enable us to pass with reasonable certainty on the other claims for fees for professional services urged by this opponent. There is no testimony as to the value of the services rendered, and there is a contention that the opponent has received considerable sums from the church. A portion of the claim is covered by a confession of judgment signed on the eve of the insolvency."

And it was ordered "that the opposition of B. R. Forman be remanded for further evidence, and stand as an opposition to the final account to be rendered." In re Immanuel Presbyterian Church, 112 La. 348, 36 South. 408.

The final account thus referred to, having been rendered, was opposed by the board of church erection fund on the ground that "all the costs, expenses, and charges (except one-half the costs of sale) are illegally and erroneously charged to the proceeds of the property * * * affected by opponent's mortgage," and that the same should be prorated against the entire fund in the hands of the receiver. And said account was opposed by B. R. Forman as follows, to wit:

"Now comes Benjamin Rice Forman, and for supplemental opposition shows that his services as attorney in defending the third opposition of Mrs. Sarah Reidy in suit No. 52,653 was for the use and benefit of and defending the Caspar Auch poor fund, and the decision on that opposition was rendered after the receiver was appointed, but that his services in defending the claim of Mrs. Reidy were rendered just before, and were worth $250. Wherefore he prays that he be allowed and paid $250 out of the Caspar Auch poor fund."

Upon the trial counsel for the receiver objected to the introduction of evidence in support of the supplemental opposition on the ground that it is inconsistent with the original opposition, which had been ordered to stand as an opposition to the final account; and the objection was sustained. The opponent subsequently offered the proceedings in the third opposition of Mrs. Sarah Reidy

in the suit No. 52,653; the deposition of Judge Ellis, to the effect that his services were worth $250; and a resolution adopted by the board of trustees of the church February 11, 1901, acknowledging that the church was indebted to him for professional services in the sum of $750, and authorizing a confession of judgment for that amount, less $30 paid on account—all of which testimony was admitted in support of the original opposition, and excluded in so far as it related to the supplemental opposition.

Apart from the testimony of the receiver to the correctness of his account, there was no other evidence offered than that above mentioned. The allegation of the opponent as to the manner in which the costs and charges have been attributed is sustained by the fact, the fee of the receiver and his counsel, and certain other expenses, though calculated on the basis of the entire amount in the hands of the receiver, being charged exclusively to the proceeds of the property affected by the mortgage in favor of the board of church erection fund.

### Opinion.

There is no sufficient reason for imposing any undue proportion of the expense of the receivership upon the fund derived from the sale of the property mortgaged to the board of church erection fund. That board advanced the money so secured to the church, to be used for church purposes. Caspar Auch left other money, which came into the possession of the church, to be used for the benefit of its poor. The church failed in its duty. Both funds were endangered. The receivership was as necessary for the conservation of the one as of the other, and they should bear the expense in proportion to the benefit received by them.

As to the supplemental opposition of Mr. Forman, we are of opinion that the evidence offered in its support was properly excluded.

The opponent had already placed himself on record as to his claims against the church and the Caspar Auch funds, respectively, and could not properly be allowed to withdraw his judicial admission on that subject. The additional evidence offered by him, and considered as in support of his original opposition, entitles him to a judgment, as an ordinary creditor of the church, in the sum of $750.

It is therefore ordered, adjudged, and decreed that the opposition of the board of church erection fund be maintained, and the receiver directed to apportion the costs and charges of his administration ratably upon the entire fund in his hands; that the original opposition of B. R. Forman be maintained in so far as to direct that he be recognized as an ordinary creditor of the church in the sum of $750, and that his supplemental opposition be dismissed.

It is further adjudged and decreed that the costs of both oppositions and of the appeal be paid by the mass.